

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,129-01

**EX PARTE KURT PATRICK TOBY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1088685-A IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. NEWELL, J., concurred.

## O R D E R

Applicant was originally placed on deferred adjudication community supervision for aggravated assault with a deadly weapon for a period of ten years. He was later adjudicated and sentenced to ten years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on November 24, 2008. An order designating issues was signed by the trial judge on December 30, 2008. This application was not received by this Court until September 7, 2022. There is no indication in the record of any action by the trial court after the order designating issues was signed. Nor is there any indication as to why

this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that adjudication counsel was ineffective because he failed to convey a plea offer and failed to adequately communicate with Applicant. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall order adjudication counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the habeas record with the transcript from the adjudication

hearing. The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and Applicant was prejudiced. Specifically, the trial court shall make findings of fact and conclusions of law as to whether adjudication counsel was aware of a plea offer by the State for two years confinement and, if so, whether adjudication counsel communicated this offer to Applicant. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 11, 2023
Do not publish